# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
March 25, 2008

No. 05-60820
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA

                        Plaintiff-Appellee

v.

TERRELL MARTA TAYLOR

                        Defendant-Appellant



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAY 21 2008
BY_____ J.T. NOBLIN, CLERK
_____DEPUTY

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:03-CV-257
USDC No. 1:01-CR-86-1

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Terrell Marta Taylor, Federal Prisoner # 06332-043, applies for a certificate of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2255 petition, wherein he challenged his guilty-plea conviction for possession with intent to distribute in excess of 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). Taylor also appeals the District Court order denying his motion to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alter, amend, or reconsider that judgment. *See* FED. R. CIV. P. 59(e), 60(b). We grant a COA in part; deny a COA in part; vacate in part; and remand.

Taylor pled guilty pursuant to a memorandum of understanding ("MOU"), in which he waived his right to appeal. Taylor did not file an appeal. Taylor did, however, file a § 2255 petition ("Petition") in which he raised four arguments: (1) denial of his right to appeal because counsel did not file an appeal despite express instructions from Taylor and his family to do so; (2) that his conviction was obtained by an unlawfully induced guilty plea; (3) ineffective assistance of counsel; and (4) that an evidentiary hearing was required to develop the facts concerning his § 2255 arguments. The District Court denied habeas relief on the merits on August 23, 2004, and denied a COA.

On September 3, 2004, Taylor placed a motion in the prison mail system. The motion was designated as a "Motion to Alter or Amend" under Rule 59(e) or "for Reconsideration" under Rule 60(b) ("Motion"). The Motion raised the same four arguments that Taylor raised in the Petition. The Motion also raised a fifth argument, namely that the government breached the plea agreement and therefore Taylor's right to appeal should be reinstated. The District Court observed that the Motion was filed on September 30, 2004. Because the deadline for a Rule 59(e) motion was September 3, 2004, the District Court construed his Motion as a Rule 60(b) motion only and treated it as a successive habeas petition. *See United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998) ("courts may treat motions that federal prisoners purportedly bring under Rule 60(b), but which essentially seek to set aside their convictions based on constitutional grounds, as § 2255 motions"). The District Court then denied Taylor's Motion, finding that it was not based on new evidence and that no change in constitutional law applied retroactively so as to afford him relief. *See* 28 U.S.C. §§ 2244(b); *Kutzner v. Cockrell*, 303 F.3d 333, 335-36 (5th Cir. 2002).

Taylor raises the same five arguments in this Court that he raised in his Motion. Taylor also raises a sixth argument in this Court: he contends that the

District Court erred in construing the Motion as a Rule 60(b) motion only and thereby improperly treated it as a successive habeas petition.

We will issue a COA only "if [Taylor] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). When the District Court denies habeas relief on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the court denies relief on the merits, the movant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*

Taylor's claimed violations of his Sixth Amendment right to counsel and his right to appeal have merit. Taylor contends that counsel failed to file a notice of appeal despite express instructions to do so. In support of this contention, Taylor submitted four affidavits: one from Taylor, one from Taylor's mother ("Rose"), and two from Taylor's sisters ("Alicia" and "Itesha"). The affidavits from Taylor, Rose, and Itesha all attested that Taylor's trial counsel, Mr. Daniels, had been instructed to file an appeal. Alicia also attested that she had hired another attorney, Mr. Roby, to file an appeal. Neither attorney, however, filed a notice of appeal. Mr. Daniels submitted an affidavit stating that he had never been instructed to file an appeal. Mr. Roby did not submit an affidavit. In resolving this issue against Taylor, the District Court did not hold an evidentiary hearing and made no factual determination as to whether counsel had been instructed to file an appeal. Instead, the District Court denied habeas relief finding that Taylor could not appeal because of the waiver of appeal provision in the MOU. This was error.

It is well-settled that the failure to file a requested notice of appeal constitutes ineffective assistance of counsel even without a showing that the

3

appeal would have merit. *Roe v. Flores-Ortega*, 528 U.S. 470, 477, 486 (2000). This rule applies even where a defendant, like Taylor, "has waived his right to direct appeal and collateral review." *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007). "[I]f the petitioner is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed and the petitioner will be entitled to an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal that would not be precluded by the terms of his appeal waiver." *Id.* Because the District Court did not make a factual determination as to whether Taylor or his family instructed counsel to file a notice of appeal, we grant a COA on this claim, vacate the District Court decision denying habeas relief, and remand for a factual determination as to whether counsel failed to file a requested notice of appeal. *See United States v. Hereford*, 242 Fed. Appx. 251, 252 (5th Cir. 2007) (per curiam) (citing *Tapp*, 491 F.3d at 266).

Taylor also argues that his right to appeal should be reinstated because the government breached the plea agreement. Because Taylor did not raise this argument in his original § 2255 petition, it is waived. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). Taylor has not made the requisite showing to obtain a COA with respect to his other claims. *See Miller-El v. Cockrell*, 537 U.S. at 336; *Slack*, 529 U.S. at 484. Accordingly, we deny a COA for Taylor's remaining claims. *See id.*

We now turn to the Motion. Taylor is correct that the District Court erred in treating the Motion as a Rule 60(b) motion only. That error was based on the District Court's erroneous observation that the Motion was filed on September 30, rather than on September 3, the date that Taylor placed the Motion in the prison mail system. *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (holding that "a pro se prisoner litigant's" pleadings are "filed as soon as the pleadings have been deposited into the prison mail system"). September 3 was within the time period for filing a Rule 59(e) motion; September 30 was not. *See*

4

FED. R. CIV. P. 59(e) ("A motion to alter or amend the judgment must be filed no later than 10 days after the entry of judgment."). Accordingly, the District Court also should have considered Taylor's Motion under Rule 59(e).

Notwithstanding the District Court's error, we need not grant Taylor relief with respect to the Motion. The Motion raised five claims, each of which we considered and decided in addressing Taylor's COA application in this Court. Accordingly, the Motion is moot.

COA GRANTED in part; COA DENIED in part; VACATED in part; and REMANDED.